# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2016
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 4:16-MJ- 652 |
| One Cellular Telephone, cell phone number 214-624-8830 | ) ) ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

One Cellular telephone, cell phone number 214-624-8830 as described in Attachment A

located in the _____Northern_____ District of _____Texas_____, there is now concealed *(identify the person or describe the property to be seized)*:

Information about the location of the Target Cell Phone that is within the possession, custody, or control of Metro PCS [including information about the location of the cellular telephone if it is subsequently assigned a different call number]

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess Methamphetamine with Intent to Distribute |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Depurty US Marshal Alejandro Campos, USMS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/15/16

*Judge's signature*

City and state: Fort Worth, Texas

Jeffrey L. Cureton, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, **Alejandro CAMPOS**, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (214) 624-8830 (the "Target Cell Phone"), whose service provider is Metro PCS, a wireless telephone service provider headquartered at 2250 Lakeside Blvd., Richardson, Texas 75082. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Special Agent with the United States Marshals Service, and have been since January 2003. I completed the Basic Deputy Academy Course and the Criminal Investigation Training Program at the Federal Law Enforcement Training Center. My duty station is in Northern District of Texas and I am currently assigned to the North Texas Fugitive Task Force. My training and experience include fugitive investigations, criminal investigations and arrest tactics. I have had training and experience in dealing with fugitives from justice at the local, state and federal level. I have also had training and experience in fugitive electronic surveillance.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.

This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that Jonathon HERRERA-OBREGON has violated 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)). Jonathon HERRERA-OBREGON was charged with these crimes on 06/08/2016 and is the subject of an arrest warrant issued on 06/08/2016. There is also probable cause to believe that Jonathon HERRERA-OBREGON is aware of these charges and has fled. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Jonathon HERRERA-OBREGON, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## PROBABLE CAUSE

5. On 09/14/2016, DEA TFO Perry MOORE received a phone call from Source of Information (SOI) pertaining to Jonathon HERRERA-OBREGON. DEA TFO Perry MOORE was a lead investigator on a multi-defendant drug investigation involving HERRERA-OBREGON. HERRERA-OBREGON has an active arrest warrant for narcotics violations and failure to appear in the Northern District of Texas Fort Worth Division. SOI stated that HERRERA-OBREGON has used mobile number (214) 624-8830 to communicate with SOI and other people. SOI also stated that HERRERA-OBREGON has used this mobile number for about two months from present date. SOI last spoke to HERRERA-OBREGON via (214) 624-8830 on or about 09/14/2016.

Obtaining records on mobile number (214) 624-8830 will enable Deputy U.S. Marshal (DUSM) CAMPOS to investigative the fugitive's whereabouts be analyzing call patterns. It is DUSM CAMPOS training and experience that records will lead to a safe and timely arrest.

6.   In my training and experience, I have learned that Metro PCS is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

7. Based on my training and experience, I know that Metro PCS can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Metro PCS's network or with such other reference points as may be reasonably available.

8. Based on my training and experience, I know that Metro PCS can collect cell-site data about the Target Cell Phone.

## AUTHORIZATION REQUEST

9. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

10. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication

(as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

11. I further request that the Court direct Metro PCS to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Metro PCS. I also request that the Court direct Metro PCS to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Metro PCS's services, including by initiating a signal to determine the location of the Target Cell Phone on Metro PCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

12. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

13. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.

**Affidavit in Support of Application for Search Warrant - Page 5 of 6**

Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Alejandro Campos
Deputy US Marshal
United States Marshals Service

Subscribed and sworn to before me on this _15th_ day of September, 2016 at _3:37 pm_ _____p.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
United State Magistrate Judge

# ATTACHMENT A
## Property to Be Searched

1. The cellular telephone assigned call number **(214) 624-8830,** (the "Target Cell Phone"), whose wireless service provider is **Metro PCS,** a company headquartered at 2250 Lakeside Blvd., Richardson, Texas 75082.

2. Information about the location of the Target Cell Phone that is within the possession, custody, or control of **Metro PCS** [including information about the location of the cellular telephone if it is subsequently assigned a different call number]

**Attachment A**

## ATTACHMENT B
### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Metro PCS, Metro PCS is required to disclose the Location Information to the government. In addition, Metro PCS must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Metro PCS's services, including by initiating a signal to determine the location of the Target Cell Phone on Metro PCS's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Metro PCS for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

Attachment A